IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THOMAS MCBARRON, §
 §
VS. § CIVIL ACTION NO.4:06-CV-318-Y
 §
FEDERAL BUREAU OF PRISONS,et al.§

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Thomas McBarron's second amended complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). McBarron, an inmate at the Bureau of Prisons's FCI--Fort Worth facility in Fort worth, Texas, has filed a seventy-two page second amended complaint[1] seeking relief against the Bureau of Prisons ("BOP") and numerous individual employees of the BOP, each of whom is named in an individual and official capacity. (Second Amended Complaint (SAC), Style; § E (Parties).) McBarron alleges a chronology related to the medical care he received while at FCI--Fort Worth.(SAC at 15-60.) McBarron alleges causes of action for violation of his right to due process, violation of his right to be free from cruel and unusual punishment, violation of the Rehabilitation Act of 1973, unconstitutional policies and customs, denial of his right of access to courts, conspiracy to negligently inflict emotional distress, and a claim under the Federal Tort

---

[1] As permitted by order of this Court.

Claims Act (FTCA). (SAC at 60-69.) He seeks monetary damages, declaratory relief, and injunctive relief. (SAC at 69-71.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review and consideration of McBarron's second amended complaint, the Court concludes that his

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

claims for relief must be dismissed under the authority of these provisions.

*Official Capacity*

McBarron has named each individual defendant in both an individual and an official capacity. Although McBarron has not recited as authority for the individual-capacity claims *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics* ("*Bivens*"),[7] the Court will construe his claims of violations of his constitutional rights under this common-law authority.[8] Official-capacity claims for money damages based upon allegations of constitutional violations, however, are barred because they are considered suits against the United States which has not waived its sovereign immunity for such claims.[9] Although McBarron has cited the FTCA, government employees enjoy absolute immunity against common-law tort claims, and the only proper federal defendant is the United States.[10] Thus, Plaintiff's claims against the individual defendants in an official capacity should be dismissed under 28 U.S.C. § 1915A

---

[7] 403 U.S. 388, 297 (1971).

[8] *Bivens*, of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."), *abrogated on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003)(en banc), *cert. den'd,* 125 S.Ct. 31 (2004).

[9] *See Kentucky v. Graham,* 473 U.S. 159, 165-67 (1985).

[10] *See Finley v. United States,* 490 U.S. 545, 552-53 (1989); *see also Marsden v. Federal B.O.P.,* 856 F.Supp. 832, 835 (S.D.N.Y. 1994),*citing* 28 U.S.C. §§ 1346(b), 2679(a), 2679(b)(1)(other citations omitted).

and §1915(e)(2)(B).

*FTCA*

McBaron also seeks relief under the FTCA, and he provided exhibits as attachments to the original complaint that indicate that he attempted to exhaust administrative remedies on some of his claims within the BOP. The FTCA does waive the United States's sovereign immunity from tort suits.[11] Because the FTCA provides such a waiver, the limitations and conditions upon which the government consents to be sued must be construed strictly in favor of the United States.[12] In order to sue successfully under the FTCA, "a plaintiff must name the United States as the sole defendant."[13] In this case, however, McBarron has named as defendants the Bureau of Prisons and numerous individuals. Although McBarron identified the United States of America in the body of his original and first amended complaint, he has now named the Bureau of Prisons on the FTCA allegation in the most recent pleading. As the Bureau of Prisons is not a proper defendant in a suit under the FTCA, McBarron's FTCA claim against the BOP must be dismissed under authority of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and

---

[11]*McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998), *citing* 28 U.S.C. § 2674.

[12]*Atorie Air, Inc., v. Federal Aviation Administration,* 942 F.2d 954, 957 (5th Cir. 1991)*citing Lehman v. Nakshian,* 453 U.S. 156, 160 (1981)*.*

[13]*McGuire,* 137 F.3d at 324, *citing Atorie Air, Inc.,* 942 F.2d at 957.

4

(ii).[14]

*Limitations*

A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[15] A *Bivens* action is controlled by the applicable state statute of limitations.[16] In Texas the applicable limitations period is two years.[17]

Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action.[18] McBarron's second amended

---

[14]As noted above, the United States is the only proper party in an action under the FTCA. Although this circuit recognized in *Rodriguez v. Sarabyn,* 129 F.3d 760, 764 (5th Cir. 1997) that when an FTCA plaintiff sues an individual government employee and the employee is shown to have been acting in the course and scope of his employment the United States should be automatically substituted, this Court determines that in the instant case, McBarron has named the individual defendants for the purpose of asserting claims of a constitutional violation.

[15]*See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994), *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993); *see also Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992)("Although the statute of limitations is an affirmative defense, a district court may properly dismiss a complaint under 28 U.S.C. § 1915(d) when it is apparent that the statute of limitations has run.")(citations omitted).

[16]*See Brown v. Nationsbank Corp., et al.,* 188 F.3d 579,590 (5th Cir. 1999), *cert. den'd,* 530 U.S. 1274 (2000), *citing Alford v. United States,* 693 F.2d 498, 499 (5th Cir. 1982).

[17]*See Moore,* 30 F.3d at 620 (noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* Tex. Civ. Prac. & Rem. Code 16.003(a)(Vernon Supp. 2007)(Texas's two-year personal injury limitations statute); *see also Brown,* 188 F.3d at 590, *citing Pena v. United States,* 157 F.3d 984, 987 (5th Cir. 1998).

[18]*See Gartrell,* 981 F.2d at 256; *see also Daniel v. United States,* Nos. CA3:01CV0328-H,CR3:92CR029-H, 2002 WL 66160, at *2(N.D.Tex.Jan. 10, 2002).

5

complaint includes allegations beginning in 1989 and continuing through 2006, with the bulk of the factual events occurring between 2002 and 2005. McBarron knew of his injuries at the time they occurred, and must, because of his ongoing health problems, have been aware at or near the time of the events of any inadequacy of his medical care. Similarly, he knew of the purported problems with his assignment to administrative detention at the time it occurred, and of the other complained-of events at the time they occurred. Since McBarron did not file this suit until May 5, 2006, his *Bivens* claims for any events occurring prior to May 5, 2004, must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

*Eighth Amendment--Duplicative Claims*

The bulk of McBarron's claims are for alleged deliberate indifference to his serious medical needs in violation of the Eighth Amendment. McBarron previously filed a federal lawsuit in this the Northern District of Texas in *McBarron v. Jeter,* No. 4:05-CV-497-A. In that action, filed in 2005, McBarron recited many of the same allegations regarding the inadequacy of his medical care that he makes in this action, up to and including allegations through July 29, 2005.[19] The Court considered both McBarron's initial filing and a December 23, 2005, 33-page (plus attachments) filing entitled

---

[19]The Court takes judicial notice of the records of this district in *McBarron v. Jeter,* 4:05-CV-497-A.

"Writ of Habeas Corpus under 28 U.S.C. § 2241(c)(3)," as "complaints that he has serious medical needs that are being ignored, or inadequately addressed, by the medical personnel in the federal prison where he is incarcerated." A review of the second amended complaint in the instant action as compared to the December 23, 2005, pleading in case number 4:05-CV-497-A indicates many of the same allegations. As many as 85 of the paragraphs in the live pleading in this action are the same or virtually the same as paragraphs in the prior action for occurrences up to July 29, 2005. After reciting the standards for review of a claim for deliberate indifference to serious medical needs, Judge McBryde determined that:

> While McBarron's complaints regarding his medical care are many, they primarily relate to the care he has received for seizure disorder, diverticulitis, and Crohn's disease. He also alleges that the BOP has failed adequately to treat his neurological and gastrointestinal disorders. He further asserts the BOP has withheld medications to address neurological and gastrointestinal disorders. Jeter's response, including the appendix containing the affidavit from Hernan Reyes, M.D., the Clinical Director of the Federal Medical Center (FMC) Fort Worth, Texas, however, persuades the court that there is no evidence of deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Among other things, it is evident that McBarron has been receiving medications for all of his disorders, that he has been examined by a gastroenterologist and neurologist on multiple occasions, and that he has been treated at three community hospitals over a three-year period. (Feb. 6, 2006, Order Denying Application for Writ of Habeas Corpus in No.4:05-CV-497-A)(record citations omitted).

In reviewing a similar multiple-suit-filing scenario by an

inmate plaintiff, the United States Court of Appeals for the Fifth Circuit found no abuse of discretion in a district court's determination that an in-forma-pauperis action identical to one previously dismissed, may be dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork,* No. 86-3735 (5th Cir. May 22, 1987)(unpublished order)(citing *McCullough v. Morgan,* No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D.Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d).[20]

Because McBarron's claims in the instant case involving the alleged inadequacy of medical care he received at FMC--Fort Worth up through and including July 29, 2005, are duplicative of claims already considered and denied in this district, such claims asserted herein must be dismissed as malicious under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

With regard to the remainder of McBarron's allegations regarding medical care in August 2005, treatment or delay in treatment for an inguinal hernia in 2005 and 20066, and inadequate treatment for post-traumatic stress disorder, the Court determines

---

[20]*Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988)(other citations omitted); *see also Brown v. Thomas,* No. 3:02-CV-0673-M, 2002 WL 31757616, at *3-4 (N.D. Tex. Dec. 3, 2002)(adopting magistrate judge's analysis of *Bailey,* and recommendation that case should be dismissed as duplicative even though earlier case had been dismissed without reaching merits).

8

that McBaron has not stated claims of deliberate indifference. In order to maintain an action for deprivation of the constitutional right to be free of cruel and unusual punishment, a plaintiff must allege facts that indicate prison officials were deliberately indifferent to prisoners' safety.[21] Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the part of the defendants."[22] This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[23]

Mere negligence with regard to plaintiff's injuries will not give rise to a constitutional violation.[24] The Fifth Circuit discussed the high standard involved in showing deliberate indifference as

---

[21] *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994)(Eighth Amendment requires subjective deliberate indifference, the official must know of and disregard an excessive risk to inmate health or safety); *see also Whitley v. Albers,* 475 U.S. 312, 332 (1986)(Eighth Amendment requires allegation of unnecessary and wanton infliction of pain).

[22] *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

[23] *Farmer,* 511 U.S. at 837; *see also Hare v. City of Corinth,* 74 F.3d 633, 648 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

[24] *Daniels v. Williams,* 474 U.S. 327, 332 (1986)(recognizing that injuries inflicted by government negligence are not addressed by the United States Constitution).

9

follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107.[25]

McBarron has not alleged facts that overcome this standard, and his remaining claims for deliberate indifference to his medical needs must be dismissed under 28 U.S.C. § 1915A(B)(1) and 1915(e)(2)(B).

*Rehabilitation Act of 1973*

McBarron asserts a cause of action under the Rehabilitation Act of 1973. The Court hereby incorporates its own analysis from a case involving another federal prisoner who asserted such a claim:

> Section 504(a) of the Rehabilitation Act, 29 U.S.C. § 794(a), provides that no qualified individual with a disability shall be excluded from participation in, denied benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance, or activity conducted by any executive agency.[26] Although the remedy provision of the Rehabilitation Act provides for monetary damages for "any act or failure to act by any recipient of federal assistance or Federal provider," [27] in interpreting this language, the Supreme Court determined that Congress only

---

[25]*Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

[26] 29 U.S.C.A. § 794(a)(West Supp. 2007).

[27] 29 U.S.C. A. § 794a(a)(2)(West 1999).

10

intended to waive sovereign immunity against monetary damages for the "narrow category of § 504(a) violations committed by federal funding agencies acting as such--that is, by Federal provider[s]."[28] In other words, because the remedy provision did not make reference to any "programs or activities," the Supreme Court declined to read the phrase "Federal provider" to include a waiver of damages for anything more than funding activities.[29] As a result, any claims for monetary damages under the Rehabilitation Act for alleged discrimination under any program or activity against the Bureau of Prisons or its director are shielded by sovereign immunity. Furthermore, the Fifth Circuit has held that an individual may not be sued in his or her individual capacity under the Rehabilitation Act,[30] rendering such claims under the Rehabilitation Act against defendant Hemingway without merit.[31]

For the reasons enunciated, all of McBarron's claims under the Rehabilitation Act must be dismissed under authority of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

*Policy or Custom*

McBarron alleges that different defendants created policies to deny such things as "basic levels of decency, adequate treatment for pain relief, provision of medical care, [and] delay in providing prescriptions."(SAC at 65-66.) But allegations of a policy or custom

---

[28]*Lane v. Pena*, 518 U.S. 187, 192-93 (1996).

[29]*Id.* at 193.

[30]*Lollar v. Baker,* 196 F.3d 603, 609 (5th Cir.1999). Other courts have also found that the Rehabilitation Act does not permit actions against persons in an individual capacity. *See Hiler v. Brown*, 177 F.3d 542, 545-46 (6 Cir.1999); *see also Montez*, 32 F.Supp.2d. at 1241.

[31]*Arawole v. Hemingway,* No.Civ.A. 4:04-CV-506-Y, 2005 WL 1630013, at *2 (N.D. Tex. July 7, 2005).

and its relationship to a constitutional violation cannot be conclusional but must contain specific facts.[32] As McBarron has set forth only conclusions of the existence of policies, he has not stated a sufficient claim, and his claims for relief based on unconstitutional policies must be dismissed under 28 U.S.C. § 1915A and 1915(e)(2)(B).

*Access to Court*

Although McBarron has alleged a violation of his right to access the court, he has not stated any facts to relate his allegations to any difficulty in filing a claim. The Supreme Court, in *Bounds v. Smith,*[33] recognized a fundamental constitutional right of access to the courts, but has since clarified the scope of a prisoner's right of access to the courts and found that a prisoner must allege an actual injury to support a claim for a violation of such right:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal

---

[32]*See, e.g., Spiller v. City of Texas City, Police Dep't,* 130 F.3d 162, 167 (5th Cir.1997),*citing Fraire v. Arlington*, 957 F.2d 1268, 1278 (5th Cir.), *cert. denied* 506 U.S. 973 (1992)); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir.2002); *Thompkins v. Belt*, 828 F.2d 298, 305 (5th Cir.1987).

[33]*See Bounds v. Smith,* 430 U.S. 817, 828 (1977)(recognizing prisoners' constitutional right of access to courts); *see generally Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses")(quoting *Chrissy F. v. Mississippi Dept. Of Public Welfare,* 925 F.2d 844, 851 (5th Cir. 1991)).

assistance program is sub-par in some theoretical sense . . . [t]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.[34]

Thus, in order to state a claim on the alleged facts, McBarron must have set forth that the complained-of retaliation against him for seeking redress of grievances hindered his efforts to pursue a legal claim.[35] McBarron has not done so, and any claim of violation of his right of access to courts must be dismissed under 28 U.S.C. § 1915A(1) and 1915(e)(2)(b)(i) and (ii).

*Negligent Infliction of Emotional Distress*

McBarron has asserted a cause of action for conspiracy to negligently inflict emotional distress. Texas does not impose liability for negligent infliction of emotional distress.[36] As such, his claim that defendants were involved in a conspiracy to engage in conduct that is not tortious is without merit, and must be dismissed under 28 U.S.C. § 1915A(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[34]*Lewis v. Casey,* 518 U.S. 343, 351(1996).

[35] See *Chriceol v. Phillips,* 169 F.3d 313, 317 (5th Cir. 1999)(inmate alleging denial of access to courts must demonstrate actual injury), *citing Ruiz v. United States,* 160 F.3d 273,275 (5th Cir. 1998)(holding that without proof of actual injury a prisoner cannot prevail on an access-to-the-courts claim); *see also McDonald v. Steward,* 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that such a plaintiff must show prejudice to his position as a litigant)(citations omitted).

[36]*Texas Farm Bureau Mut. Ins Companies v. Sears,* 84 S.W. 3d 604, 612 (Tex. 2002), *citing Boyles v. Kerr,* 855 S.W.2d 593, 597 (Tex.1993)(holding there is no general legal duty to avoid negligently inflicting mental anguish under Texas law).

For all of the above reasons, all of McBarron's claims must be dismissed with prejudice under authority of 28 U.S.C. § 1915A(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED February 4, 2008.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE